# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **WENDY M. BAUER,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: |
| | ) | |
| v. | ) | _____ |
| | ) | |
| **PUBLIX SUPER MARKETS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

### NATURE OF CLAIM

1. This action is brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment, including the right to be reasonably accommodated, protected by Americans with Disabilities Act.

### JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by virtue of 42 U.S.C. §12101 *et seq.* and 28 U.S.C. §§ 1331 and 1343.

2. Venue in this Court is appropriate for all causes of action stated herein pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. §2000E-5(f)(3), and 28 U.S.C §1391 because the Defendant is situated within this District and all employment practices which give rise to this action occurred within this District.

## PARTIES

3. Plaintiff Wendy M. Bauer ("Bauer") is an individual over the age of 19 years, residing in Tuscaloosa County, Alabama.

4. At all relevant times, Plaintiff Bauer was a "qualified employee" as defined by 42 USC §12111(8) of the ADA. Bauer had performed all essential functions of her job for more than two years prior to being placed on restrictive duty and with reasonable accommodation could have continued to perform all such functions.

5. Defendant Publix Super Markets Inc., ("Publix") is a corporation which does business in Tuscaloosa County, Alabama, and which has a store in Tuscaloosa, Alabama at which Plaintiff Bauer was employed.

6. Defendant Publix is a "covered" employer as defined in 42 USC § 12111(5)(A) of the ADA at all relevant times. Defendant is a grocery store chain that supplies goods to all parts of the country. Defendant Publix has had thousands of employees working for it at all relevant times.

## ADMINISTRATIVE PROCEEDINGS

7. Bauer has timely and fully complied with all prerequisites for administrative exhaustion required for jurisdiction in this court under the ADA and thus all conditions precedent to this lawsuit within the meaning of Rule 9(c) of the Fed. R. Civ. Pro. have been performed or have otherwise occurred.

8. Specifically, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on November 30, 2017 and within 180 days of the complained of action. Plaintiff then received her Right to Sue notice, which is attached hereto as **Exhibit A**, from the Equal Employment Opportunity Commission on or about March 3, 2020. This lawsuit is timely filed within 90 days of that notice.

## NO CLAIM PRECLUSION

9. On October 24, 2019, Plaintiff filed a Consent to join as an opt-in plaintiff the lawsuit styled *Auito et al. v. Publix Super Markets, Inc.* No. 1:19-cv-04803-LMM [ECF 1-1] (N.D. Ga.), filed in the Northern District of Georgia against Defendant alleging unpaid overtime, and respectfully requests that the Court take all actions necessary to allow Plaintiff to pursue the limited scope of claims she was permitted to assert as an opt-in Plaintiff in the *Auito* overtime lawsuit, without prejudicing or estopping in any way her pursuit of the instant claims in this lawsuit which cannot be raised by opting-in to a collective action for unpaid overtime under 29 U.S.C. 216(b).

## STATEMENT OF FACTS

10. Plaintiff was initially employed by the Defendant on or about February of 2004 in Tuscaloosa, Alabama in the position of Cake Decorator.

11. Plaintiff was later promoted by Publix to Assistant Bakery

Department Manager, and then, in 2012, to Bakery Department Manager, which is the position in which she was employed at the time of the events made the basis of this lawsuit.

12. As Bakery Department Manager, Plaintiff's job was to bake baked goods, prepare food and grocery items for sale (including taking customer orders and preparing or otherwise filling the customer's order), greet and serve customers, put product out for sale, mix dough, slice bread, pack product, pull product from the freezer, wash dishes, clean equipment, clean floors, take out trash, stock or restock food and grocery items in the bakery department, etc.

13. In or around March 2017, Plaintiff underwent a surgical procedure to address a medical issue regarding the physical impairment of her musculoskeletal system that had been a long-term condition that affected her.

14. Plaintiff's back condition substantially limited her daily and major life activities including, but not limited to, sleeping, lifting, bending, walking and general musculoskeletal function.

15. For years, the Plaintiff had suffered chronic pain that greatly affected and limited her.

16. Despite her back pain and limitations, prior to the surgery, the Plaintiff never failed to fully perform the duties of her job.

17. However, as a result of the pain and limitations in her back, pursuant

to her doctor's recommendation, Plaintiff underwent the mitigating measure of back surgery, which is obviously not something that people in the general population have to do.

18. At all times prior to Plaintiff's surgery, she was physically and mentally able to perform her duties and could safely and substantially perform the essential functions of her job with or without reasonable accommodations and otherwise met the established requirements of her position and duties.

19. Plaintiff notified Defendant of the surgery and was out of work on FMLA leave for roughly three-and one-half months, during which the Publix bakery department which she managed, of course, continued to operate without her.

20. Plaintiff's doctor released her to back to work on July 6, 2017, but temporarily restricted her to working six hours per day, with four hours standing and two hours sitting. However, her doctor specifically stated in the documentation that she provided to Publix that "(t)hese restrictions are for the next 3 months".

21. As such, the Plaintiff did then return to work at her same position, Bakery Department Manager at Publix, and was able to fully perform her job duties under those temporary restrictions and with the reasonable accommodation that Publix did put in place of allowing her to work six-hour days.

22. However, after two to three weeks of fully and competently working

with that reasonable accommodation, Publix unilaterally decided to rescind it and refused to work with the Plaintiff or engage in an interactive process to allow her to continue to work at her position with any accommodation.

23. Instead, Publix informed her that she could no longer keep her position due to her temporary restriction of working six hours per day, which, at that point, only applied for eight or nine more weeks.

24. Publix told her that that they would not continue to reasonably accommodate her as they had been, because at Publix, every Department Manager position was only a full time position, and full time for that position, per the Publix policy decided at the corporate level, required, at minimum, a 50 hour workweek.

25. Plaintiff was told by Publix that she could choose one of two options - either (involuntarily) resign her Publix employment of thirteen years or accept a demotion from the Department Manager position that she had earned five years prior, to a lesser position.

26. Publix gave her this forced ultimatum solely because of her temporary six- hour per day work restriction that would only last eight or nine more weeks.

27. Plaintiff suggested numerous options for continued or different reasonable accommodations to Publix including, but not limited to a part-time or modified work schedule, and/or temporary modification of her duties, or a time-limited extension of her medical leave of absence.

28. This is despite, upon information and belief, Publix allowing part-time or modified work schedules, temporary modifications of duties, or leaves of absence for other employees in the past.

29. Defendant responded only by giving Plaintiff a short time to decide whether to involuntarily resign from Publix or accept a significant demotion simply because of the temporary six-hour per day restriction. This was communicated to the Plaintiff by the Publix District Manager.

30. The onsite Publix store manager at her store (that had gladly allowed her to work under the restrictions for the two to three-week period before she was notified by Publix corporate that there was a problem with it) told her that he disagreed with what Publix was doing, and that he would have been perfectly fine with her continuing with the temporary restriction until it was released by her doctor.

31. The onsite Publix store manager at her store told Plaintiff that it was not a store-level decision to demote or fire her.

32. The onsite Publix store manager at her store told Plaintiff that there had been no problem with how the bakery department had operated during the two to three-week period that had just occurred in which she worked with the doctor's restrictions.

33. In fact, at the end of time period that Publix corporate gave the

Plaintiff to decide whether to take a demotion or be fired, during which the Plaintiff had continued to work under the six hour per day restriction with no detriment to the store, the onsite Publix store manager intentionally did not press the issue with the Plaintiff, Publix or the Publix District Manager. As such, Plaintiff continued to work under the restriction for a time beyond the decision time.

34. However, the Publix District Manager eventually contacted the store manager and mandated that the Plaintiff be demoted or that her employment would be terminated.

35. Needing to feed her family, Plaintiff reluctantly chose to be demoted rather than fired, and she was demoted to a lower paying job, still within a Publix Bakery department, with less privileges and benefits.

36. On September 27, 2017, as expected, less than two months after being demoted by Publix, Plaintiff was officially released from all restrictions by her doctor. Plaintiff provided written documentation of the same to Publix.

37. Plaintiff asked to be reinstated to her previous Bakery Department Manager position at that time, since the offending temporary restriction no longer existed, but Defendant would not allow Bauer to regain her previous position.

38. Plaintiff worked in the lesser position at Publix for roughly 10 months until, after having to apply and go through the same promotion processes as any

Publix employee, Plaintiff was again promoted to a Bakery Department Manager.

39. However, she had suffered a loss of compensation, bonuses, vacation time that she had accrued as a department manager, and other benefits as a result of the demotion, which she has never recovered.

40. Plaintiff further had a permanent loss of some other benefits, such as retirement benefits, that required continuing and uninterrupted time in a manager position.

## COUNT I
## ADA: Disability Discrimination

41. Plaintiff adopts and re-alleges each and every allegation contained in paragraphs 1-40 as if fully set out herein.

42. At the time of Plaintiff's demotion, Plaintiff had a disability as defined by the ADA.

43. At the time of Plaintiff's demotion, Plaintiff had a physical impairment that substantially limited one or more of her major life functions.

44. Plaintiff did in fact have a physical impairment related to her back condition, has a record of such impairment, and was regarded as having such impairment by Defendant.

45. At the time of Plaintiff's demotion, Defendant knew that Plaintiff had a disability, as disability is defined by the ADA.

46. Plaintiff was able to perform the essential job functions of her position and other positions with Defendant provided Plaintiff received any reasonable accommodation.

47. Plaintiff would have been able to continue performing her job as Bakery Department Manager if she had been reasonably accommodated with a part-time or modified work schedule, and/or temporary modification of her duties, or a time-limited extension of her medical leave of absence.

48. Plaintiff tried to engage the Defendant in an interactive process regarding accommodating Plaintiff's disability.

49. Plaintiff suggested accommodations to Publix.

50. Defendant's sole response to Plaintiff's suggested accommodation was that she would have the choice of resigning from Publix or accepting employment at a part-time cake decorator position because Publix required its department managers to work a minimum of 50 hours a week.

51. Publix did not specifically address or discuss with Plaintiff any of her suggested accommodations.

52. Defendant intentionally, with malice and reckless indifference of Plaintiff's rights, violated the ADA by refusing to accommodate her disability and demoting her, despite knowing that the ADA required such accommodations.

53. As the direct and proximate result of the Defendant's actions set forth

above, Plaintiff has suffered lost wages, bonuses, compensation, benefits, humiliation, embarrassment, loss of self-esteem, physical and mental/emotional distress and inconvenience.

54. The Defendant willfully violated the ADA or with reckless disregard for whether its actions were prohibited such that an award of punitive damages is appropriate.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and award Plaintiff:

A) Backpay;

B) Compensatory damages for loss of wages, bonuses or other compensation, loss of any and all benefits including, but not limited to retirement benefits and accrued vacation benefits, mental anguish, emotional distress, embarrassment, both past and future;

C) Injunctive Relief;

D) Punitive damages;

E) Pre-judgment interest;

F) Reasonable attorney's fees and costs; and

G) Such other legal or equitable relief as may be appropriate to effectuate the purposes of the ADA or to which she may be entitled.

Respectfully submitted this 11th day of March, 2020.

/s/ David A. Hughes
David A. Hughes (ASB-3923-U82D)
Attorney for Plaintiff
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 523-0463
Fax: (205) 344-6188
E-mail: dhughes@hardinhughes.com

**PLAINTIFFS REQUEST A TRIAL BY STRUCK JURY.**

/s/ David A. Hughes
OF COUNSEL

Service Address:

Publix Super Markets, Inc.
c/o Corporate Creations Network, Inc.
6 Office Park Circle #100
Mountain Brook, AL 35223